# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NATION LAND COMPANY, LLC, ) | CASE NO. 5:25-cv-1826 |
| ) ) | |
| Plaintiff, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| MICHAEL L. SANDER, ) | |
| ) ) ) | |
| Defendant. ) | |

Plaintiff Nation Land Company, LLC ("Nation Land") filed this action in the Stark County Court of Common Pleas on July 29, 2025. (Doc. No. 1-1 (Complaint).) Defendant Michael L. Sander ("Sander") was served with summons and complaint on July 31, 2025. (Doc. No. 1 (Notice of Removal) ¶ 4.) Sander removed the case to federal court on September 2, 2025.[1] (*Id.* at 1.)[2] Sander failed to respond to the pleading by September 9, 2025, as required by Fed. R. Civ. P. 81(c). On September 10, 2025, Nation Land applied for entry of default against Sander (Doc. No. 5 (Application for Default)), and the Clerk entered such default on September 15, 2025. (Doc. No. 7 (Default).)

---

[1] Nation Land argues that Sander's removal was untimely. (Doc. No. 3 (Nation Land's Motion), at 2.) Nation Land does not, however, request remand. The Court cannot, *sua sponte*, remand a case based on a procedural defect in removal. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citations omitted). Absent a request to remand the case, the Court will not consider the timeliness of the removal.

[2] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Now before the Court are two motions. First, Nation Land filed a motion for judgment as a matter of law (Doc. No. 3) which the Court construes as a motion for default judgment. *See Blea v. Kijakazi*, No. 20-cv-1310, 2022 WL 4097496, at *1 (D.N.M. Aug. 5, 2022) (construing motion for judgment based on defendant's failure to answer as one for default judgment), *report and recommendation adopted*, 2022 WL 4094239 (D.N.M. Sept. 7, 2022); *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 636 (M.D.N.C. 2019) (same) (collecting cases). Second, Sander moves for an extension of time to answer the complaint. (Doc. No. 10 (Sander's Motion).) In light of Sander's recently filed answer (Doc. No. 14 (Answer)), the Court construes Sander's motion as one to set aside the entry of default and to deem his answer timely filed. *Cf. Mckernon v. City of Seven Hills*, No. 1:20-cv-32, 2020 WL 5909947, at *1 (N.D. Ohio Oct. 6, 2020) (treating motion for leave to plead as motion to set aside default entry (citations omitted)). For the reasons stated below, Sander's motion (Doc. No. 10) is GRANTED, and Nation Land's motion (Doc. No. 3) is DENIED.

I. STANDARD OF REVIEW

Under Rule 55(c), "[t]he [C]ourt may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). This standard is "extremely forgiving to the defaulted party[.]" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (citations omitted). In applying this extremely forgiving standard, the Court considers three factors: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Id.* at 324 (quoting *Waifersong, Ltd. v. Classic Music*

2

*Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (alterations in original)). Of these factors, prejudice and the presence of a meritorious defense are the most important. *Id.* at 324–25.

If an entry of default is set aside as to a defendant, a motion for default judgment against that same defendant should be denied. *See e.g., Lucas-Cooper v. Palmetto GBA*, No. 1:05-cv-959, 2005 WL 8167030, at *3 (N.D. Ohio Aug. 31, 2005) (denying default judgment after vacating entry of default); *BSD Mgmt., LLC v. Rozen*, No. 22-cv-11763, 2023 WL 2733397, at *4 (E.D. Mich. Mar. 31, 2023) (same) (citation omitted). After all, "[e]ntry of a default . . . is a prerequisite to entry of a default judgment[.]" *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citation and quotation marks omitted).

Finally, under Rule 6(b)(1)(B), the Court may extend an expired deadline "for good cause, . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## II. DISCUSSION

### A. Sander's Motion to Vacate Default is Granted

Considering the Rule 55(c) factors, the Court finds that Sander establishes good cause to vacate default.

#### i. *Culpability*

First, no culpable conduct led to Sander's default. Culpability requires more than neglect or oversight. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (citation omitted). Indeed, even inexcusable conduct may not be culpable. *See id.* ("[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." (citation and quotation marks omitted)). Rather, culpability in this context requires the defaulting party "display either an intent to thwart judicial proceedings or

a reckless disregard for the effect of [his/her] conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citation and quotation marks omitted).

Multiple factors indicate a lack of culpability. First, Sander's *pro se* status "militates in his favor, as the formalities of the Federal Rules of Civil Procedure are to be applied less stringently against *pro se* litigants than against lawyers." *Oasis Corp. v. Judd*, 132 F. Supp. 2d 612, 616 (S.D. Ohio 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *see GRG Ventures, LLC v. DBEC, LLC*, No. 1:18-cv-755, 2019 WL 9512845, at *2 (W.D. Mich. Feb. 13, 2019) (finding no culpability where default caused "by [defendant's] ill-placed attempts to proceed *pro se*."). Second, and relatedly, Sander's claimed ignorance of the applicable rules (Doc. No. 10, at 2; Doc. No. 13 (Sander's Reply), at 1) militates against a finding of culpability. *See Imperial v. Swift Moving Servs., LLC*, No. 4:24-cv-1871, 2025 WL 2661809, at *7 (N.D. Ohio Sept. 17, 2025) (distinguishing "mere ignorance" from culpable conduct). Finally, the fact that Sander quickly moved for relief following entry of default further supports his cause. *See Wilson v. Blanton*, No. 2:16-cv-390, 2016 WL 5408889, at *3 (S.D. Ohio Sept. 28, 2016) ("[T]he expediency of the filing of the motion for relief from default also strengthens [d]efendant's arguments.").

Nation Land, however, argues that Sander "misrepresents" his *pro se* status and is simply "feign[ing] ignorance of the applicable rules in an effort to delay the proceedings." (Doc. No. 11 (Nation Land's Reply and Opp.), at 2–3.) Nation Land provides an email indicating that Sander communicated through an Illinois-licensed attorney on at least one occasion. (Doc No. 11-1.) Nation Land further argues that Sander's ability to calculate his removal deadline evinces Sander's knowledge of the applicable rules. (Doc. No. 11, at 3.) The Court is unpersuaded. The mere fact

4

that Sander communicated through a lawyer once does not establish his familiarity with the applicable rules. Neither does his ability to calculate a single deadline establish his mastery of civil procedure. In the end, Nation Land provides little indicating the type of intent or recklessness required for a finding of culpability.

In light of the foregoing, the Court finds that Sander's default was not the result of culpable conduct. Sander is warned, however, that his *pro se* status does not excuse him from compliance with applicable procedural rules. *Clapper v. Clark Dev., Inc.*, Nos. 14-3500, 14-3770, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) (citations omitted). The Court may be less lenient if Sander fails to meet case deadlines going forward.

### ii. *Meritorious Defense*

Second, Sander states meritorious defenses. To state a meritorious defense for purposes of Rule 55(c), a defaulting party need not provide "detailed factual allegations[.]" *$22,050.00 U.S. Currency*, 595 F.3d at 326. Rather, "all that is needed is a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (citation and quotation marks omitted). "All that matters is whether a well-stated defense, if sustained, would change the outcome." *Id.*

Sander asserts multiple defenses aimed at Nation Land's fraud theories.[3] (Doc. No. 13, at 1–2.) Sander argues, *inter alia*, that Nation Land fails to meet Rule 9(b)'s fraud pleading standard, and that the alleged representations were statements of opinion, puffing, and not reasonably relied upon. (*Id.* at 2.).

---

[3] While Nation Land does not identify its claims beyond naming them "Count One" and "Count Two" (Doc. No. 1-1, at 3–4), the Court assumes both counts assert some form of fraud. (*See id.* ¶ 5 (alleging, in Count One, that Sander made false representations to induce Nation Land); *id.* ¶¶ 9–14 (alleging, in Count Two, false representations by Sander, Nation Land's reliance thereupon, and resulting damages). The Court withholds decision on whether these counts sufficiently plead a cause of action. That question is not currently before the Court.

These defenses, if sustained, would defeat Nation Land's fraud claims. If a claim sounding in fraud fails to meet Rule 9(b)'s heightened pleading standard, it is subject to dismissal. *See, e.g., U.S. ex rel. Zeller v. Cleveland Const., Inc.*, No. C-1-99-621, 2006 WL 355392, at *1 (S.D. Ohio Feb. 15, 2006) ("[I]n order to survive [a] motion to dismiss, [plaintiff's] allegations of fraud must satisfy the requirements of Rule 9(b)."). Further, justifiable reliance is a core element of fraud under Ohio law, *see Javitch v. First Montauk Fin. Corp.*, 279 F. Supp. 2d 931, 940 (N.D. Ohio 2003) (describing elements of fraud under Ohio law (citations omitted)), and, with few exceptions, "statements of opinion or puffery cannot justifiably be relied upon[.]" *Premier Bus. Grp., LLC v. Red Bull of N. Am., Inc.*, No. 08-cv-1453, 2009 WL 3242050, at *10 (N.D. Ohio Sept. 30, 2009) (dismissing fraud claim under Ohio law because plaintiff failed to plead representations that could be justifiably relied upon (citations omitted)). Thus, if Sander established that the alleged representations were statements of opinion, puffing, or otherwise not reasonably relied upon, it would change the outcome of Nation Land's fraud claims. Sander thus states meritorious defenses.

### iii. *Prejudice*

Third, Nation Land fails to establish prejudice. Nation Land appears to argue that vacating default would prejudice it by delaying its recovery. (Doc. No. 11, at 3–4.) But "[m]ere delay in satisfying a plaintiff's claim[] . . . is not sufficient prejudice[.]" *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citation omitted). Nation Land provides no other grounds for prejudice. The Court thus finds that Nation Land would not be prejudiced by a vacatur of the default.

All three Rule 55(c) factors weigh in favor of vacating default. Sander's motion to vacate default is thus GRANTED.

### B. Nation Land's Motion for Default Judgment is Denied

Default judgment may not be entered absent a proper entry of default. *See Ramada Franchise Sys., Inc.*, 220 F.R.D. at 305 (citation omitted). Because the Court herein orders the vacatur of Sander's default, Nation Land's motion for default judgment is DENIED.

### C. Sander's Motion for Extension of Time is Granted

Sander establishes excusable neglect, justifying an extension of time to answer under Rule 6(b)(1)(B). "[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

The first, second, and fifth factors, weigh in Sander's favor. Nation Land has not established any prejudice caused by Sander's delay. Sander's delay was minimal and has not greatly impeded these proceedings. Nothing on the record indicates Sander acted in bad faith. The third and fourth factors weigh against Sander. Sander's delay was caused by his own ignorance of the applicable rules, and his ability to timely answer was reasonably within his control.

Balancing these facts, the Court concludes that Sander's failure to timely plead was the result of excusable neglect, and an extension of time to answer the complaint is appropriate. Thus, Sander's motion for extension of time is GRANTED, and his answer filed on October 15, 2025 is deemed timely.

### III. CONCLUSION

Sander's motion for extension of time to answer and to vacate entry of default (Doc. No. 10) is GRANTED. The Clerk is directed to vacate the entry of default. Sander's answer (Doc. No. 14), filed on October 15, 2025, is deemed timely. Nation Land's motion for judgment based on Sander's now-vacated default (Doc. No. 3) is DENIED.

**IT IS SO ORDERED**.

Dated: November 10, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**